IN THE UNITED STATES OF ARKANSAS
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FUTUREFUEL CHEMICAL COMPANY                                               PLAINTIFF

vs.                              NO. 1:09CV00023 BSM

NATIONAL BIODIESEL BOARD                                                  DEFENDANT

## ORDER

Pending before the court is defendant's motion to dismiss [Doc. No. 5]. For the reasons stated below, defendant's motion is denied.

## I. BACKGROUND

Plaintiff FutureFuel Chemical Company ("FFCC") is a Delaware corporation headquartered in and operating a chemical and biodiesel manufacturing facility in Batesville, Arkansas. Defendant National Biodiesel Board (NBB) is a biodiesel trade organization with its principal place of business in Jefferson City, Missouri.

On February 27, 2009, FFCC filed a complaint in the circuit court of Independence County, Arkansas ("Arkansas case") seeking rescission of a Member Payment Agreement (Agreement) with NBB. According to the allegations in the Arkansas case, FFCC is required to register its biodiesel with the United States Environmental Protection Agency (EPA) pursuant to the Clean Air Act, by obtaining access to biodiesel health effects data (HED). A manufacturer, like FFCC, may arrange for access to group data on biodiesel through NBB.

FFCC contends that around October 30, 2006, Gary McDonald, an employee and representative of FFCC's corporate predecessor, submitted a membership application form

to NBB. On October 31, 2006, FFCC acquired the predecessor corporation Eastman SE and changed it name to FFCC. On November 8, 2006, McDonald signed a new Member Agreement with NBB on behalf of FFCC. Shortly thereafter, McDonald ceased employment with FFCC.

The Agreement requires FFCC to pay dues for access to HED. Under the Agreement, FFCC is to pay NBB $25,000 plus one cent per gallon on each gallon of biodiesel produced from the date of termination of May 25, 2015 in the event it ceased to be a member of NBB. The Agreement also contained a clause that the parties agree that any action may be brought by NBB for actions arising out of the Agreement in the Iowa state or federal court, and that either court shall have personal jurisdiction over the parties and venue of such an action.

FFCC submitted annual dues of $5000 to NBB for 2007 and 2008 and quarterly volume-based dues for the first two quarters of 2007. FFCC states that it was unaware of the Agreement and that McDonald was not authorized by FFCC to execute the Agreement. Once FFCC became aware of the Agreement, it stopped submitting volume-based dues to NBB, but alleges that it attempted to negotiate in good faith with NBB regarding the Agreement.

FFCC alleges in the Arkansas case that around February 16, 2009, NBB demanded that FFCC sign a settlement agreement for payment of past fees and dues and for future payment until the agreement terminates in 2015. NBB informed FFCC that if FFCC failed to sign a settlement agreement, NBB would proceed with termination of pursuant to the terms of the contract. Doc. No. 5-2.

FFCC filed the Arkansas action on February 27, 2009, but did not serve NBB. On March 17, 2009, NBB sent FFCC a letter terminating FFCC's membership in the NBB for nonpayment of dues. NBB then required payment of a $25,000 penalty, and delinquent dues pursuant to the Agreement. NBB gave FFCC until April 17, 2009, to pay the amounts or it would file a "Notice of Petition" for collection of the amounts. Doc. No. 5-3, p. 2.

On April 16, 2009, FFCC filed a first amended complaint in the Arkansas lawsuit seeking rescission of the contract. It contained the same allegations as those contained in the original complaint and added allegations that the Agreement is contrary to public policy and unconscionable. FFCC served the amended complaint on NBB on April 17, 2009. On May 13, 2009, NBB removed the Arkansas lawsuit to this court.

On April 17, 2009, NBB filed a petition in the Iowa district court for Polk County, Iowa ("Iowa lawsuit."). The Iowa lawsuit seeks recovery of NBB's damages caused by FFCC's breach of the Agreement. In particular, NBB seeks $111,520 for the year 2008 and prior year dues, $25,000 for the HED agreement payment, together with interest, attorney's fees, and costs of the action. On May 21, 2009, FFCC removed the Iowa lawsuit to the United States District Court the Southern District of Iowa. FFCC has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) in the Iowa lawsuit, which is still pending.

NBB has filed a motion to dismiss in this case contending that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(3); for failure to state a claim under Fed. R. Civ.

P. 12(b)(6); and under the doctrine of forum non conveniens. It also contends that the court should decline to exercise declaratory judgment jurisdiction.

## II. DISCUSSION

The motion to dismiss is denied because the court finds that there are no compelling circumstances justifying a departure from the first-filed rule.

Although NBB has asserted several grounds in its motion to dismiss, its entire argument is limited to the first-filed rule. The court, therefore, will limit its discussion to the first-filed rule.

> Generally, the doctrine of federal comity permits a court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. Hence, courts follow a "first to file" rule that where two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case. . . . The purpose of this rule is to promote efficient use of judicial resources. The rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration.

*Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (internal quotations and citations omitted).

The first-filed rule is not absolute, and "will not be applied where a court finds 'compelling circumstances' supporting its abrogation." *Northwest Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). The court "must consider the factual circumstances in each case before applying the rule." *Boatmen's First Nat'l Bank of Kansas City v. Kansas Pub. Employees Retirement Sys.*, 57 F.3d 638, 641 (8th Cir. 1995).

The Eighth Circuit has recognized that there might be certain "red flags" to constitute compelling circumstances. *Northwest Airlines*, 989 F.2d at 1007. In *Northwest Airlines*, the court identified "two 'red flags' signaling potentially compelling circumstances: first, that the 'first' suit was filed after the other party gave notice of its intention to sue; and second, that the action was for declaratory judgment rather than for damages or equitable relief." *Boatmen's*, 57 F.3d at 641. "Other factors that may be considered in deciding whether to apply the first-filed rule include the period of time that elapses between the date the first-filer receives notice of a possible lawsuit against it, and the filing of the first-filer's lawsuit; the failure of the first-filer to allege that the natural plaintiff's claims are producing an adverse impact on the first-filer; evidence that the first-filer indicated it would not sue, together with reliance on that indication by the natural plaintiff; and which lawsuit would more effectively further the interest of speedy adjudication." *Clockwork Home Servs., Inc. v. Robinson*, 423 F. Supp.2d 984, 993 (E.D. Mo. 2006).

NBB argues that compelling circumstances exist such that the first-filed rule should not apply in this case, and the court should dismiss this action in favor of the Iowa lawsuit. FFCC counters that the first-to-file rule applies.

The initial Arkansas lawsuit, filed on February 27, 2009, was filed, according to the allegations in the complaint, soon after NBB demanded that FFCC sign a settlement agreement, and that if it failed to do so, NBB would proceed with termination of the agreement pursuant to its terms. FFCC, however, had already stopped paying volume-based

dues to NBB based on its belief that the Agreement was unenforceable.  Therefore, the Arkansas lawsuit should not have come as a surprise to NBB, even in light of the parties' continued negotiations, given FFCC position regarding the Agreement.  There is no evidence that FFCC ever indicated to NBB that it would not file suit.

Furthermore, NBB's protestations that FFCC filed its lawsuit "in secret" are not compelling because complaints filed in courts are generally public records.  Other than not serving the complaint on NBB, FFCC did nothing to hide the fact that it had filed a lawsuit.  Given that FFCC is located in Batesville, Arkansas, a simple check of the state court around the time NBB demanded that FFCC sign a settlement agreement and threatened legal action would have put NBB on notice of the lawsuit.

NBB argues that the second red flag noted by the Eighth Circuit also serves as a compelling reason to refuse to apply the first-filed rule.  It argues that FFCC's complaint is for declaratory judgment, which is "more indicative of a preemptive strike than a suit for damages or equitable relief." *Northwest Airlines*, 989 F.2d at 1007.  FFCC counters that its complaint is not for declaratory judgment, but is a claim for equitable relief.  *See Feeney v. AT&E, Inc.*, 472 F.3d 560, 564 (8th Cir. 2006) (under Arkansas law, rescission is appropriate equitable remedy when it restores status quo by returning parties to positions they occupied before the contract); *Maumelle Co. v. Eskola*, 315 Ark. 25, 29, 865 S.W.2d 272, 274 (1993) (rescission is remedy cognizable in equity).

FFCC's complaint is one for equitable relief, not just a declaratory judgment.

Furthermore, the court cannot find that the FFCC action was a "preemptive strike." FFCC alleges that it filed the action for rescission when it became clear that NBB was not going to engage in further negotiation. FFCC filed the action more than two weeks prior to written notice by NBB that it would terminate the agreement if FFCC did not respond to NBB's letter by April 17, 2009.

Another exception to the first-to-file rule applies if "the balance of convenience" weighs in favor of the later-filed action. *Med-Tec Iowa, Inc. v. Nomos Corp.*, 76 F. Supp.2d 962, 970 (N. D. Iowa 1999). The court employs an analysis similar to that employed under 28 U.S.C. § 1404(a). Despite the existence of a non-exclusive forum selection clause, other factors weigh in favor of allowing the first-filed action to proceed. Witnesses are located in Missouri and Arkansas, not Iowa, where the second-filed action is proceeding. NBB can file a counterclaim in this action, and the entire dispute between the parties can be resolved in this forum.

Admittedly, whether the case should proceed in this court under the first-filed rule is not readily clear. On balance, however, the court finds that no compelling circumstances exist that abrogate the first-filed rule.

Accordingly, the motion to dismiss [Doc. No. 5] is denied.

IT IS SO ORDERED this 22nd day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE