**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

BRYAN OLMSTEAD
ADC # 144172                                                                                          PLAINTIFF

V.                                     1:09CV00035 BSM

THOMAS OLMSTEAD                                                                              DEFENDANT

## ORDER OF DISMISSAL

Plaintiff, a prisoner at the Tucker Unit of the Arkansas Department of Correction, filed this *pro se* complaint (docket entry #2). Having been carefully reviewed pursuant to 28 U.S.C. § 1915A(a), the complaint is dismissed for failure to state a claim for relief under § 1983.

### I. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). A complaint or portion thereof must be dismissed if the prisoner raises claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under §1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

## II.  DISCUSSION

The complaint at issue states that plaintiff seeks compensation for medical bills, lost work, and other damages from Thomas Olmstead, his father, with whom he apparently engaged in a shoot-out at the family's funeral home (docket entry #2).  Plaintiff's claims must fail because his father is not a state actor.  In order to state a cognizable claim for money damages under 42 U.S.C. § 1983, plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States.  42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996).  If plaintiff believes he has a valid claim for injuries sustained in the incident, he should instead pursue them in state court.

## III.  CONCLUSION

Plaintiff's complaint is (docket entry #1) hereby dismissed with prejudice for failure to state a claim upon which relief may be granted. Dismissal of this action constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

DATED this 22nd day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE