IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FUTUREFUEL CHEMICAL COMPANY                    PLAINTIFF

vs                    Case No: 1:09CV023 BSM

NATIONAL BIODIESEL BOARD                    DEFENDANT

## AGREED PROTECTIVE ORDER

Upon agreement of the parties and a showing that such an Order is needed to prevent unwarranted disclosure of confidential information and documentation, the Court orders the following:

1.    This Order shall govern all documents produced by any party and designated as confidential. All such documents shall be referred to herein as "Confidential Information".

2.    All written materials produced or disclosed by any party in this litigation (including, but not limited to, documents, interrogatories, responses to requests for admission, and deposition testimony) which the producing party believes to contain Confidential Information shall be designated as confidential by affixing a label to each page of the document with the following legend "CONFIDENTIAL" and shall be revealed only as provided herein.

3.    Confidential Information shall be used solely in connection with, and only as necessary to, the preparation and trial of this action or any related appellate proceedings, and not for any other purpose including, without limitation, any other litigation, business or personal purpose.

4.    Confidential Information should not be disclosed except to the following persons:

(a)    Counsel of record for any party to this action;

(b)     Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel of record for any party to this action;

(c)     Any party or officer, director or employee of a party who is responsible for assisting counsel in this action, provided that counsel advises such person that the information is Confidential Information covered by this protective order;

(d)     Court personnel, including stenographic reporters engaged in the proceedings as are necessarily incident to preparation for trial and trial of this action;

(e)     Any outside expert retained in connection with this action, provided that, prior to disclosure of any confidential material or information derived from Confidential Information, counsel of record for the party retaining such expert shall obtain written certification from the expert that the expert has read and understands the terms of this Order and agrees to be bound to such terms; and

(f)     Others permitted by Order of this Court.

5.     No person having access to any Confidential Information shall disclose, in any manner, its contents to any person other than those described in paragraph 4 of this Order. Moreover, no such disclosure shall be made for any purpose other than those specified in the Order.

6.     In order to ensure compliance with paragraph 4 of this Order, counsel for the parties agree that prior to disclosing any Confidential Information to any person or entity, they will provide such person with a copy of this Agreed Protective Order, and with the exception of the Court and Court staff, will have such person acknowledge that they have received and read a copy of this Agreed Protective Order and understand that they are bound thereby by signing the Acknowledgment attached hereto as Exhibit A.

7.     Confidential Information filed with the Court or attached to any pleading shall be filed under seal to protect the confidential nature of such material, and shall be filed in a sealed envelope bearing the title of the case, the title of the document, and a notation: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER: TO BE OPENED ONLY BY THE COURT FOR ITS REVIEW AND THEN BE RESEALED". Such Confidential Information shall remain confidential and under seal to protect the confidential nature of such material. Such Confidential Information shall remain confidential and under seal to the conclusion of this litigation and any appellate proceedings related thereto.

8.     The Parties shall take all reasonable steps necessary to protect Confidential Information which is disclosed, either by the use of such Confidential Information as an exhibit or through testimony or argument, at a deposition or hearing of this matter. Such reasonable steps shall include (a) compliance with this Order, and (b) designation of any exhibit, transcript, or record in a manner consistent with paragraph 7 of this Order.

9.     Inadvertent production by any party of a document containing attorney-client communications, attorney work product, other privileged information, confidential information, or proprietary information shall not constitute a waiver or privilege. Any such document and any copies made of it shall be returned to the producing party immediately upon its request.

10.    If any party believes that any material produced does not contain confidential information, it may contest the applicability of this Order to such material by notifying the attorneys of the party claiming the material is confidential and identifying the material contested. Upon such notification, the producing party shall have thirty (30) days in which to make a specific motion for a protective order with respect to such material. During the pending of such motion, the material

shall be treated as "Confidential Information" subject to this Order. As to any contested material for which such motion is not made or the requested relief is not granted, such material shall be deemed outside the scope of this Order.

11.    If any party obtains Confidential Information for a source other than the producing party that is designated "CONFIDENTIAL" by the producing party, the party shall, within ten (10) days of receiving such information or documentation, provide the producing party's attorneys notice of the material obtained from the other source by identifying (a) the information or documentation obtained, and (b) the source of the information or documentation. The information or documentation obtained from the source shall be marked "CONFIDENTIAL" and shall be subject to this Order. If the party who obtained the material believes that the material does not contain confidential information, then the procedure identified in paragraph 10 of this Order shall be followed to resolve such dispute.

12.    There shall be no reproduction whatsoever of Confidential Information, except that, as required by the litigation, copies, excerpts or summaries may be made by counsel, counsel's staff, and court personnel for use by those authorized pursuant to paragraph 3 above.

13.    All Confidential Information and copies, excerpts of summaries thereof shall be retained in the custody of the parties or attorneys of record for the parties in this litigation during the pendency of the litigation; provided, however, that Confidential Information and/or copies, excerpts or summaries thereof may be furnished to and retained in the custody of any testifying expert witness in accordance with the terms of this Order.

14.    In the event that any person shall violate or threaten to violate any terms of this Order, the party aggrieved by such violation or threatened violation may seek any remedy allowable by law

or equity. If it is necessary for either party to employ an attorney to enforce the terms of this Order or to defend against such an enforcement action, the prevailing party shall be entitled to recover a reasonable attorney's fee.

15.     The parties may, by express written agreement, waive any of the terms of this Order. Nothing in this Order shall be construed as a waiver of any right to object to the furnishing of information or responding to discovery on a basis other than confidentiality. Moreover, to the extent that any material that is subject to the attorney-client or work-product privilege is inadvertently revealed, the parties shall be deemed to have reserved their privileges with respect to such information and production of such material shall not, in itself, constitute a waiver of the privilege.

16.     The provisions of this Order regarding confidentiality shall not terminate at the conclusion of this litigation. On conclusion of this action, all Confidential Information in the possession or under the control of counsel, the parties or their agents, consultants or experts, shall be destroyed or returned to the party producing it at the determination of the producing party. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than thirty (30) days after final termination of this litigation.

17.     This Order is without prejudice to the rights of any party to seek modification of the Order from the Court. The provisions of this Order as to confidentiality shall not terminate with the disposition of this action, and this Order shall remain in effect until the time this Order is modified, amended or rescinded by this Court.

DATED this 24th day of _____January_____ 2011

Brian S. Miller, U.S. District Judge

Page 5 of 6

DOVER DIXON HORNE PLLC
425 West Capitol, Suite 3700
Little Rock, AR 72201
501-375-9151

Gary B. Rogers, Ark. Bar No. 82139
Mark Allison, Ark. Bar No. 85001
Email: grogers@ddh-ar.com
      mallison@ddh-ar.com


ANDERSON, MURPHY & HOPKINS, L.L.P.
400 West Capitol, Suite 2470
Little Rock, AR 72201

Randy P. Murphy
Mark D. Wankum
Email: murphy@amhfirm.net
      wankum@amhfirm.net